### SUCCESSION OF ANTOINE YNOGOSO—Opposition to Tableau.

A reinscription of a mortgage upon property belonging to a succession, is unnecessary after such property has been sold and reduced to possession.

The sale of succession property extinguishes the mortgages upon it, and the proceeds of the sale are held in trust by the administrator, to be distributed among the creditors according to the rights of priority, which existed among them, upon the property itself before it was sold.

APPEAL from the District Court of the Parish of St. Landry, *Martel, J.* *Swayze & Moore,* for plaintiffs and appellants. *Lewis & Porter* and *J. E. King,* for appellees.

SPOFFORD, J. The only point in this case is, whether the Bank of Louisiana is to be ranked as an ordinary or as a mortgage creditor.

The bank obtained its judgment against *Ynogoso,* which was recorded on the 25th of March, 1847, before his death. It, therefore, attached as a judicial mortgage upon his lands and slaves. *Ynogoso* died previous to 1849. In 1849, his immovables and slaves were sold, and no credit was given beyond the 29th of January, 1852. The proceeds must have been reduced to possession by the administrator before the 25th of November, 1857.

The appellant contends that the bank has lost the right of preference growing out of its judicial mortgage, because the judgment was not reinscribed on or before the 25th of November, 1857. It was expressly decided in the *Succession of Déjean,* 8 An, 506, that a reinscription was unnecessary after the property of the succession, affected by a judicial mortgage, has been sold and the proceeds reduced to possession. The reason is obvious. The succession sale discharges all mortgages upon the immovables and slaves, leaving the mortgagees only a corresponding claim by preference upon the proceeds. The mortgages being extinguished by the succession sale, there is nothing to be kept alive by a reinscription. An inscription in the mortgage office, cannot affect money or notes in the hands of an administrator, for a judicial mortgage cannot attach to movables. C. C. 3296. See also 2 An. 111.

But the administrator holds in trust the proceeds of the sale of immovables and slaves, to be distributed among the creditors according to those rights of priority which existed among them upon the property itself the moment before it

was sold. Their relative rank is then fixed, and cannot be changed by inscribing or failing to inscribe mortgages which were canceled by a sale whose proceeds have been reduced to possession.

In the *Succession of Flower*, 12 An. 216, it does not appear that the immovables and slaves had been sold at succession sale, or that a judicial mortgage upon them had been kept alive so long as the property itself belonged to the succession. The point decided in *Déjean's* case, 8 An. was not overruled, nor did it seem necessary to be considered.

Judgment affirmed.